1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

UNITED STATES OF AMERICA,

            Plaintiff,

     v.

JOSE NUNO,

            Defendant.

Case No.  10-cr-00301-BLF-2

**ORDER DENYING DEFENDANT'S REQUEST FOR TRANSCRIPTS FREE OF COST**

[Re:  ECF 389]

Defendant Jose Nuno, proceeding pro se, has filed a motion seeking "Permission to Recieve [sic] Sentencing and/or Plea Agreement Transcript for Free of Cost."  Def.'s Mot., ECF 389.  The motion is DENIED for the reasons discussed below.

**I.      BACKGROUND**

In 2011, Nuno pled guilty to the offenses of Conspiracy to Distribute Over 50 grams of Methamphetamine in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute Over 50 grams of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  Plea Agreement, ECF 185; Minute Entry, ECF 190.  Nuno was convicted pursuant to his plea and sentenced to the statutory mandatory minimum term of 120 months imprisonment for each offense, the sentences to run concurrently.  Judgment, ECF 250 (imposing 120 months total term of imprisonment); 21 U.S.C. § 841(b)(1)(A)(viii) (statutory mandatory minimum of 10 years for possession with intent to distribute); 21 U.S.C. § 846 (same penalty for conspiracy to distribute as possession with intent to distribute).

On November 1, 2014, the United States Sentencing Commission issued Amendment 782 to its Sentencing Guidelines, which lowered the recommended sentences for certain drug crimes by reducing by two levels the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.  U.S.S.G., sup. app'x C, amend. 782 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

1    In 2015, Nuno filed a Pro Se Motion for Modification of Sentence, seeking a reduction of

2    his sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2).  Def.'s Pro Se Motion for

3    Modification of Sentence, ECF 320.  Section 3582(c)(2) provides as follows:

4         in the case of a defendant who has been sentenced to a term of imprisonment based
          on a sentencing range that has subsequently been lowered by the Sentencing
5         Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
          Director of the Bureau of Prisons, or on its own motion, the court may reduce the
6         term of imprisonment, after considering the factors set forth in section 3553(a) to
          the extent that they are applicable, if such a reduction is consistent with applicable
7         policy statements issued by the Sentencing Commission

8    18 U.S.C. § 3582(c)(2).  This Court denied Nuno's Pro Se Motion for Modification of Sentence by

9    written order filed June 1, 2015 and served on Nuno by mail the same date.  Order Denying

10   Motion for Modification of Sentence, ECF 339.  The Court concluded that Nuno was not eligible

11   for a reduction in sentence because his original sentence of 120 months was the statutory

12   mandatory minimum.  *Id.*  A defendant is not eligible for a sentence reduction under § 3582(c) if

13   he was sentenced to pursuant to a statutory mandatory minimum term of imprisonment.  *United*

14   *States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009).

15   On August 2, 2016, Nuno filed the present motion seeking "Permission to Recieve [sic]

16   Sentencing and/or Plea Agreement Transcript for Free of Cost."  Def.'s Mot., ECF 389.  Nuno

17   states that he intends to file a petition for a two-point sentence reduction under Amendment 782

18   and § 3582, and that the transcripts of his sentencing and plea agreement proceedings "will aide

19   [sic] Mr. Nuno in submitting a factual based petition to this court."  *Id.*  The present motion does

20   not acknowledge Nuno's prior unsuccessful motion for a modification of sentence under

21   Amendment 782 and § 3582.

22   **II.   DISCUSSION**

23   Nuno cites no statutory basis for his request to receive transcripts of court proceedings free

24   of cost.  He relies on a 1972 Fourth Circuit case holding that a prisoner has a constitutional right to

25   obtain transcripts at the government's expense if the prisoner shows that the transcripts are needed

26   to collaterally attack a conviction.  *See Jones v. Superintendent, Virginia State Farm*, 460 F.2d

27   150, 153 (4th Cir. 1972).  The Fourth Circuit held that "if no need is shown, there is no

28   constitutional right to a transcript, regardless of how easily and inexpensively the state could

*United States District Court*
*Northern District of California*

2

United States District Court
Northern District of California

1    furnish it." *Id.*

2         *Jones* is not directly on point, as Nuno has not indicated that he wishes to collaterally

3    attack his conviction but only that he wishes to seek a reduction of his sentence.  Moreover, four

4    years after *Jones*, the United States Supreme Court held that that "Congress has expressly

5    addressed the question of furnishing transcripts at public expense in 28 U.S.C. § 753(f)."  *United*

6    *States v. MacCollom*, 426 U.S. 317, 320 (1976).  Section 753(f) provides as follows:

> 7    Each reporter may charge and collect fees for transcripts requested by the parties,
> including the United States, at rates prescribed by the court subject to the approval
> 8    of the Judicial Conference.  He shall not charge a fee for any copy of a transcript
> delivered to the clerk for the records of court.  Fees for transcripts furnished in
> 9    criminal proceedings to persons proceeding under the Criminal Justice Act
> (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue,
> 10   defend, or appeal in forma pauperis, shall be paid by the United States out of
> moneys appropriated for those purposes.  Fees for transcripts furnished in
> 11   proceedings brought under section 2255 of this title to persons permitted to sue or
> appeal in forma pauperis shall be paid by the United States out of money
> 12   appropriated for that purpose if the trial judge or a circuit judge *certifies that the*
> *suit or appeal is not frivolous* and that the transcript is needed to decide the issue
> 13   presented by the suit or appeal.  Fees for transcripts furnished in other proceedings
> to persons permitted to appeal in forma pauperis shall also be paid by the United
> 14   States if the trial judge or a circuit judge *certifies that the appeal is not frivolous*
> (but presents a substantial question).  The reporter may require any party requesting
> 15   a transcript to prepay the estimated fee in advance except as to transcripts that are
> to be paid for by the United States.

16

17   28 U.S.C. § 753(f) (emphasis added).  In brief, the statute permits court reports to charge all

18   parties for transcripts except under specified circumstances in which the transcripts will be

19   provided at the United States' expense.  The statute explains the requirements for obtaining

20   transcripts free of charge in proceedings under the Criminal Justice Act, habeas proceedings,

21   proceedings under 28 U.S.C. § 2255, and "other proceedings to persons permitted to appeal in

22   forma pauperis."  *Id.*  The Supreme Court held that the imposition of the above requirements on

23   prisoners seeking transcripts at the United States' expense did not violate the United States

24   Constitution.  *MacCollom*, 426 U.S. at 324, 328.

25        None of the proceedings listed in § 753(f) is a precise fit here, as Nuno seeks transcripts in

26   order to aid him in filing a motion under § 3582(c).  However, even if this Court were to conclude

27   that a § 3582(c) motion is sufficiently analogous to a § 2255 motion to confer upon it discretion to

28   grant Nuno's request for transcripts, such discretion would be limited by the statutory requirement

1  that the Court certify that the proceeding for which transcripts are requested is not frivolous.  As

2  discussed above, Nuno previously moved for a reduction in sentence under Amendment 782 and

3  18 U.S.C. § 3582(c), and the Court determined that he is not eligible for a reduction under those

4  provisions because he was sentenced to the statutory mandatory minimum.  Any motion repeating

5  the prior request for a reduction in sentence under Amendment 782 and 18 U.S.C. § 3582(c)

6  would be frivolous.

7  **III.   ORDER**

8          (1)     Nuno's motion seeking "Permission to Recieve [sic] Sentencing and/or Plea

9                  Agreement Transcript for Free of Cost," ECF 389, is DENIED; and

10         (2)     The Clerk shall serve Nuno with copies of (a) this Order; (b) the Court's prior

11                 Order Denying Motion for Modification of Sentence, ECF 339; (c) Nuno's Plea

12                 Agreement, ECF 185; and the Judgment in this case, ECF 250.

13

14  Dated:  August 11, 2016

15                                                  _____

16                                                  BETH LABSON FREEMAN
                                                    United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4